IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISON

| | | |
|---|---|---|
| Alphonso Haynesworth, | ) | Civil Action No. 2:10-2501-CMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| South Carolina Department | ) | |
| of Corrections, EvansCorrectional | ) | |
| Institute; Jon Ozmint; Robert Ward; | ) | |
| Willie Eagleton; G. Rogers; Lt. | ) | |
| Stonebreaker; Ofc. Joseph; A. Graves; | ) | |
| and James S. Sligh, Jr., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the Court on the Plaintiff's Objections to the Defendants' Removal. (Dkt. # 13.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under § 1983.[1]

In his Complaint, the Plaintiff alleges that the Defendants conspired to confiscate his personal property, including a fan, radio, and hot pot. (Compl. at 1.) On October 16, 2009, the Plaintiff alleges that the Defendant Lt. Stonebreaker entered his cell and confiscated the

---

[1]South Carolina federal district courts are split as to whether a magistrate judge has the authority to order the remand of a case. *See Moore v. City of Charleston*, No. 2:10-cv-2148, 2011 WL 380179 *1 (D.S.C. Feb. 3, 2011). However, because the undersigned views an order to remand as dispositive, this motion will be addressed in a report and recommendation rather than an order.

Plaintiff's fan deeming it contraband. (Compl. at 2.) The Plaintiff states that he was charged with possession of contraband and he received a verbal reprimand on October 21, 2009. *Id*. He states that he requested a hearing on the charge from the Defendant Rogers, but that a hearing was never held. *Id*. The Plaintiff alleges that on December 5, 2009, his radio and hot pot were missing from his cell. (Compl. at 2-3.)

The Plaintiff filed this action in state court in the Richland County Court of Common Pleas. The Defendants removed this action to federal court on September 27, 2010, and on October 12, 2010, the Plaintiff timely filed his objections to the removal, or in essence a motion to remand. (Dkt. # 11.)[2]

The defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (*citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Further,

---

[2]It is well settled that a Notice of Removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days after the case becomes removable. *See* 28 U.S.C. § 1446; *Heniford v. American Motors Sales Corporation,* 471 F.Supp. 328, 337 (D.S.C.1979). In their removal notice, the Defendants state that this action was filed in state court on August 18, 2010, and received by the SCDC on August 25, 2010. (Dkt. # 1.) Although the removal notice is dated September 24, 2001, it was not filed with the Court until September 27, 2010. (Dkt. # 1.) Thus, it appears the removal was untimely. However, because the Plaintiff did not challenge this procedural defect within thirty days after the filing of the Notice of Removal as required by 28 U.S.C. § 1447(c), this ground for remand has been waived. *Advanced Bodycare Solutions, LLC v. Thione Int'l. Inc.,* 524 F.3d 1235, 1237 n. 1 (11th Cir. 2008) (holding untimely removal not fatal to district court's jurisdiction because it is procedural, not jurisdictional, defect); *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006).

federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F.Supp. 1098 (D.S.C. 1990) (collecting cases); and *Bellone v. Roxbury Homes, Inc.*, 748 F.Supp. 434 (W.D.Va.1990).  Further, a federal court is not bound by the parties' characterization of a case or its appropriate parties." *Lyon v. Centimark Corporation*, 805 F.Supp. 333 (E.D.N.C. 1992). "A prisoner has a right to sue for tort damages in state court without bringing the United States Constitution into play." *Cruel v. County of Grenville,* 2007 WL 2351027 *3 (D.C.S.C. 2007).

In his objection to the removal, the Plaintiff maintains that the instant action is a state tort claim and he never intended to allege any claim pursuant to § 1983. (Dkt. # 13.) While the Plaintiff does insert references to the Constitution and § 1983 in his Complaint, the Plaintiff also clearly states that the action was filed pursuant to the South Carolina Tort Claims Act and not § 1983 in both his Complaint and in his objections. The Plaintiff's in his objection to the Defendants' Notice of Removal clearly indicates that he is not bringing the instant claim pursuant to § 1983. Further, the basis for the Plaintiff's claims involves the Defendants' alleged negligence in handling the Plaintiff's personal property, which the Plaintiff claims was confiscated or stolen. Such a claim, while cognizable under state law, would likely be subject to dismissal under § 1983.[3]   If there are doubts, remand is required pursuant to 28 U.S.C.

---

[3] The Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir.1995). *See also DeShaney v. Winnebago County Dep't of Social Servs.,* 489 U.S. 189, 200-203 (1989) (holding § 1983 does not impose liability for violations of duties of care arising under state law).  Moreover, an intentional deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available.  *Hudson v. Palmer,* 468 U.S. 517 (1984). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir.1986) (citing S.C. Code Ann. § 15-69-10). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (Internal citations omitted).

§ 1447(c). Accord *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."). Further, case law suggests that when a plaintiff's pro se status and inartful and ambiguous pleading contains only passing reference to the U.S. Constitution and federal law that remand is appropriate. *See e.g. McBrearty v. Kentucky Comty., Tech. College Sys.*, 2006 WL 2583375 (E.D.Ky.Sept.7, 2006). Accordingly, the undersigned disagrees with the Defendants that the Plaintiff's Complaint raises sufficient federal question jurisdiction. Consequently, this Court is without "federal question" jurisdiction. In addition, since the parties are not diverse this Court has no subject matter jurisdiction over the plaintiff's claims. Accordingly, based on the foregoing, the undersigned concludes that this case should be remanded to state court.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Plaintiff's Objections to the Defendants' Notice of Removal (Dkt. # 13) be GRANTED; and this action be REMANDED to Court of Common Pleas for Richland County, South Carolina.

**IT IS SO RECOMMENDED.**

                                                                                   s/Bruce Howe Hendricks
                                                                                   United States Magistrate Judge

March 16, 2011
Charleston, South Carolina

        **The Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).